# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: CV-_____

| | |
|---|---|
| Connie L. Lensegrav,<br><br>      Plaintiff,<br><br>vs.<br><br>Zwicker and Associates, P.C. a professional corporation,<br><br>      Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Connie L. Lensegrav (hereinafter "Lensegrav" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Zwicker and Associates, P.C. (hereafter "Zwicker"), upon information and belief, is a foreign professional corporation that operates as a debt collection

agency from an address of 80 Minuteman Road, Andover, Massachusetts. Zwicker is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with an Chase Manhattan Bank, who is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Sometime on or before December 4, 2008, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

9. Sometime on or about December 4, 2008, Ms. Valentine who was employed by Zwicker at all times relevant herein, contacted Plaintiff by telephone, by leaving a voicemail message, in an attempt to collect a debt, which was a communication in attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. On or about December 4, 2008, Plaintiff returned Ms. Valentine's telephone call.

11. During this telephone call, Plaintiff identified herself, told Ms. Valentine that she was represented by an attorney and attempted to give Ms. Valentine her attorney's telephone number.

12. Ms. Valentine continuously interrupted Plaintiff and asked her if she was declaring bankruptcy.

13. Plaintiff again attempted to give Ms. Valentine the name and number of her attorney.

2

14. Ms. Valentine then told Plaintiff that she was attempting to collect a debt on behalf of Chase Manhattan Bank.

15. Plaintiff told Ms. Valentine that she should have received a letter from her attorney. Ms. Valentine responded by saying, "A letter doesn't pay your bill."

16. At that point, Plaintiff ended the phone conversation.

17. Sometime on or about December 8, 2008, Ms. Valentine contacted Plaintiff again by telephone, despite knowing that Plaintiff was represented by an attorney, in attempt to collect this debt, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. During this voicemail, Ms. Valentine left the following phone number: 1-800-370-2251 extension 5737.

*Summary of FDCPA Violations*

19. Ms. Valentine violated the FDCPA when she contacted Plaintiff on December 8, 2008, because she knew that Plaintiff was represented by an attorney. *See* 15 U.S.C. § 1692c(a)(2).

20. Ms. Valentine violated the FDCPA on December 4, 2008, because she engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff. *See* 15 U.S.C. § 1692d and § 1692d(2).

**Respondeat Superior Liability**

21. The acts and omissions of Defendant's employee who was employed as an agent by Defendant Zwicker, and who communicated with Plaintiff as more fully

described herein, were committed within the time and space limits of her agency relationship with her principal, Defendant Zwicker.

22. The acts and omissions by Defendant's employee were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by Defendant Zwicker in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, Defendant's employee was motivated to benefit her principal, Defendant Zwicker.

24. Defendant Zwicker is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employee(s), including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## **TRIAL BY JURY**

25. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## **CAUSES OF ACTION**

## **COUNT I**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**

26. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

27. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

28. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

29. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

30. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

## SUCH OTHER RELIEF

- For such other and further relief as may be just and proper.

Dated:  November 25, 2009.          MARSO AND MICHELSON, P.A.


By:   s/Patrick L. Hayes
         Patrick L. Hayes
         Attorneys for Plaintiff
         Attorney I.D. No.:0389869
         3101 Irving Avenue South
         Minneapolis, Minnesota 55408
         Telephone: 612-821-4817


Dated:  November 25, 2009.          MARSO AND MICHELSON, P.A.


By:   s/William C. Michelson
         William C. Michelson
         Attorneys for Plaintiff
         Attorney I.D. No.: 129823
         3101 Irving Avenue South
         Minneapolis, Minnesota 55408
         Telephone: 612-821-4817